## Vendor *v.* Vendor, Appellant.

Argued April 24, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

134

*W. H. Martin,* for appellant.—The marriage ties should never be dissolved, without great and convincing proof of imperious reasons: Jones v. Jones, 66 Pa. 494.

*James W. Hutchison,* for appellee, cited: Ponthus v. Ponthus, 66 Pa. Superior Ct. 257; Breene v. Breene, 76 Pa. Superior Ct. 568.

OPINION BY GAWTHROP, J., July 10, 1930:

This is an action of divorce brought by a husband against his wife on the ground of indignities to the person. It was tried before the learned president of the court below, who entered a decree for the libellant, and the wife brings this appeal.

A careful review of the testimony has convinced us that the decided weight thereof is with the libellant, that his testimony and that of his witnesses is worthy of belief and warrants the following statement of the facts: The parties were married in 1908 and separated in August, 1928. At the time of their marriage they were residing in Butler, Pennsylvania. They went to Jamestown, New York, to get married, the wife's mother going along. On the night of the marriage she occupied the bridal chamber with the bride and groom, and has lived with them substantially all the time since that day. She was a disturbing element in the household and libellant tried, without success, to get her to leave his home, but the wife refused to permit it. He is an automobile mechanic and has had steady employment. He turned over substantially all his wages to his wife and mother-in-law. Whenever the parties went on a trip, the

mother-in-law accompanied them and doled out the money when and where it was to be expended. On these trips the wife insisted that she sleep with her mother, or that her mother sleep in the same room with them. She was extremely jealous of the husband; objected to his visiting his relatives, continually charged him, in the presence of others, with improper conduct with other women and with having a venereal disease; objected to his employer's sending him away from home to work unless she was permitted to accompany him; charged him with being insane, told other persons he was "crazy," and threatened to have him examined as to his sanity. These conditions constituted a course of conduct on the part of the wife which grew worse until libellant's health was affected and his peace of mind so destroyed as to render his continuing to live with his wife intolerable and his life burdensome. The respondent's evidence tending to establish improper relations with other women wholly failed, and the charge that he had a loathsome venereal disease proved to be false by the testimony of respondent's medical witness. We are of opinion that the testimony justifies the conclusion of the judge who saw and heard the witnesses, that libellant was for a long time subject to such exactions and humiliations as to render his condition intolerable and life burdensome and warrant a decree on the ground alleged in the libel.

The decree is affirmed at the cost of respondent.